IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS BERRYMAN, *individually and on behalf of all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 18-793 Judge Nora Barry Fischer |
| NEWALTA ENVIRONMENTAL SERVICES, INC., | ) ) ) ) | |
| Defendant/Third-party Defendant | ) ) | |
| v. | ) ) | |
| SMITH MANAGEMENT AND CONSULTING, LLC, | ) ) ) | |
| Third-party Defendant. | ) | |

## MEMORANDUM OPINION

This labor law dispute involves alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), Pa. Cons. Stat. § 333.101 *et seq*. Before the court is a motion to strike or sever the third-party complaint (Doc. No. 23) filed by Plaintiff Chris Berryman ("Berryman"). The matter has been fully briefed (Doc. Nos. 24, 44, 50) and is ripe for disposition.

### I. Background

In his complaint, Berryman avers that Newalta Environmental Services, Inc. ("Newalta") employed him to perform services as a solids control technician in the oil and gas industry. Doc. No. 1 at 2. He alleges that Newalta improperly classified him and other similarly situated workers

as independent contractors to avoid paying them overtime. *Id.* He therefore brings this class-action suit to recover overtime pay under the FLSA and the PMWA. *Id.*

In response, Newalta asserts that it is not an employer for purposes of the FLSA or PMWA. Doc. No. 12 at 2. Although Newalta admits that Berryman "performed some very limited services" for the company, it claims that Smith Management and Consulting, LLC ("Smith Consulting") employed him for those services. *Id.* at 3, 6. Newalta further asserts that Smith Management was a "third-party services provider" for Newalta and that Smith Management was responsible for paying Berryman. *Id.* at 6.

Newalta filed a third-party complaint (Doc. No. 18) against Smith Consulting on July 23, 2018. There, Newalta asserts that Smith Management controlled all aspects of Berryman's employment. Doc. No. 18 at 2. It also claims that, to the extent there was any violation of the FLSA or PMWA, "Smith Management is fully liable for such violation, not Newalta." *Id.* Accordingly, Newalta brings forth claims for breach of contract, common law indemnity, and contribution. *See generally* Doc. No. 18.

## II. The motion to strike

On August 13, 2018, Berryman filed a motion to strike or sever Newalta's third-party complaint. Doc. No. 23. Citing Federal Rule of Civil Procedure 14, he claims that the third-party complaint is "wholly improper because the employer cannot contract around FLSA obligations." *Id.* In other words, Berryman argues that the FLSA does not allow an employer to seek indemnity or contribution. Doc. No. 24 at 8. He further contends that this court does not have diversity or supplemental jurisdiction over the claims in the third-party complaint. *Id.* at 13. Finally, he argues

that it would be inefficient for the court to hear the claims in the third-party complaint in this current class-action suit. *Id.* at 16. The court will carefully consider these arguments.

**III.     Standard of review**

Rule 14 allows "any party [to] move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). When considering whether to allow or to strike a third-party complaint, courts consider whether the third-party complaint would "introduce an unrelated controversy or unduly complicate the case at trial." *FHF Partners v. KMA Fin. Group, LLC*, No. 05-5309, 2007 WL 710287, at *2 (E.D. Pa. Mar. 5, 2007). To that end, Rule 14 should be construed liberally, with the intention of "accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Monarch Life Ins. Co. v. Donahue*, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989) (internal citations and quotations omitted). Indeed, Rule 14 aims to further judicial efficiency and to "save time and cost of reduplication of evidence." *Sun Refining and Mktg. Co. v. Walker*, No. 86-4208, 1987 WL 13087, at *2 (E.D. Pa. June 25, 1987). The decision to allow a third-party complaint rests in the sound discretion of the court. *Bike v. Am. Motors Corp.*, 101 F.R.D. 77, 78 (E.D. Pa. 1984).

**IV.     Discussion**

With that legal framework in mind, the court now turns to the sufficiency of the third-party complaint.

First, as long as Newalta brought a proper third-party complaint, this court has no difficulty in finding subject matter jurisdiction. "It is widely recognized that supplemental jurisdiction exists over a properly brought third-party complaint." *Morris v. Lenihan*, 192 F.R.D. 484, 486-87 (E.D.

Pa. 2000); *see also Cintron Beverage Grp., LLC v. Depersia*, No. CIV.A.07-3043, 2008 WL 1734184, at *2 (E.D. Pa. Apr. 14, 2008); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980) (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1444, at 321 (2d ed. 1990)); *Schwab v. Erie Lackawanna R. Co.*, 438 F.2d 62, 65 (3d Cir. 1971) ("Since cross-claims, compulsory counterclaims, and third party claims arise out of the main cause of action, they are ancillary to that action, and if there is federal jurisdiction over the main action, there is jurisdiction over these ancillary claims.").

Second, third-party complaints are proper under Rule 14 provided that the pleadings provide a basis for the third-party defendant's liability to the defendant/third-party plaintiff.[1] *Morris*, 192 F.R.D. at 488; *see CSX Transp., Inc. v. 2712 Inv'rs L.P.,* No. CIV. A. 14-7148, 2015 WL 2077580, at *3 (E.D. Pa. May 1, 2015) ("Joinder of a third party defendant is proper if the defendant, as third party plaintiff, presents some plausible theory of secondary liability upon which the third party can be liable to it."). Because Rule 14 is a procedural mechanism and not an independent legal basis for a third-party cause of action, the court looks to substantive law (here, Pennsylvania) to determine whether there is a plausible basis for Newalta's third-party complaint. *Morris*, 192 F.R.D. at 487-88; *McCurdy v. Wedgewood Capital Management Co.*, Civ. A. No. 97–4304, 1999 WL 554590 (E.D. Pa. July 16, 1999).

---

[1] Federal Rule of Civil Procedure 14 states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). Under the rule, "[a] third party plaintiff's claim may be asserted . . . only when the third party defendant's liability is derivative or secondary." *See Bike v. Am. Motors Corp.*, 101 F.R.D. 77, 79 (E.D. Pa. 1984 (quoting *Tesch v. United States*, 546 F. Supp. 526, 529 (E.D. Pa. 1982)).

4

Newalta brings forth common law claims for breach of contract, indemnity, and contribution.² Doc. No. 18. The third-party complaint clearly sets forth a theory of secondary liability as contemplated by Rule 14. That is, there is a direct line of liability alleged to exist between Newalta and Smith Management independent of that between Berryman and Newalta. *See Morris*, 192 F.R.D. at 488. Yet, secondary liability is also evident because both Newalta's contribution and indemnification claims set forth alleged liability that is entirely dependent on Newalta being found liable to Berryman for the underlying FLSA and PMWA violations.

Nevertheless, the court agrees with Berryman that, to the extent Newalta seeks indemnification or contribution for relief under the FLSA, those state law claims are preempted. Although the Third Circuit has not address the issue, other courts have uniformly agreed that an employer found liable under the FLSA has no right to contribution or indemnity from a third party. *Kaskey v. Osmose Holdings, Inc.*, No. CIV.A. 13-4825, 2014 WL 1096149, at *7 (E.D. Pa. Mar. 20, 2014); *Strauss v. Italian Vill. Rest., Inc.*, No. 1:11-CV-03202, 2012 WL 5389746, at *3 (N.D. Ill. Nov. 2, 2012) ("[T]here is ample authority that holds that the FLSA precludes all such potential blame-shifting and bars third-party actions for contribution and indemnity using any tort

---

² Although the third-party complaint is ambiguous as to whether Newalta asserts federal or state common law claims (see Doc. 18), the court interprets the pleadings to encompass claims under Pennsylvania law. The complaint alleges diversity jurisdiction, which calls for application of state substantive law. *See, e.g.*, *Chamberlain v. Giampapa*, 210 F.3d 154, 159 (3d Cir. 2000). Furthermore, there are very few instances when federal courts have common law powers, none of which appear to be implicated here. *See Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 640 (1981) (discussing how federal courts do not have common law powers unless either (1) a federal rule of decision is required "to protect uniquely federal interests," or (2) Congress "has given the courts the power to develop substantive law").

theories."); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 143–44 (2d Cir.1999) ("There is no right of contribution or indemnification for employers found liable under the FLSA.").

Newalta attempts to argue that indemnification or contribution would be proper because Smith Management, and not Newalta, is the *sole* employer. Doc. No. 38 at 3-4. But this argument is logically inconsistent with indemnification and contribution claims. *Morris*, 192 F.R.D. at 488-91 (E.D. Pa. 2000) (discussing conditions where indemnification or contribution is appropriate under Pennsylvania law); *Kaskey v. Osmose Holdings, Inc.*, No. CIV.A. 13-4825, 2014 WL 1096149, at *5 (E.D. Pa. Mar. 20, 2014) ("Common law indemnity or contribution among joint tortfeasors exists only when both parties are liable to a third party."). If Smith Management *is* the sole employer for purposes of the FLSA or PMWA, then Berryman cannot recover from Newalta in the first place; therefore, Newalta would have no right to indemnity or contribution from Smith Management. Furthermore, third-party complaints under Rule 14 are premised on *secondary liability*. If Smith Management is in fact *solely* liable for any alleged FLSA or PMWA violations, then Newalta's third-party complaint would be improper because it would not allege any facts setting forth a theory of secondary liability. *See Bike v. Am. Motors Corp.*, 101 F.R.D. 77, 78 (E.D. Pa. 1984). Thus, Newalta's arguments are circular and unpersuasive.

Although Newalta cannot bring indemnification or contribution claims against Smith Management for violations of the FLSA, Berryman fails to recognize that Newalta's indemnification and contribution claims in the third-party complaint also relate to potential liability of non-FLSA state law claims — specifically, the PMWA. Berryman provides no supportive authority that (1) the PMWA preempts claims for indemnification or contribution, or (2) that state law is preempted to the extent that it conflicts with federal law. *See Advanced Pain Consultants v. Richmond*, No. 15 C 479, 2015 WL 4972231, at *2-3 (N.D. Ill. Aug. 18, 2015)

6

(allowing contribution and indemnity claims under the Illinois Minimum Wage Law, while treating indemnification or contribution for FLSA liability as preempted). Indeed, the court is unaware of any authority suggesting that Newalta cannot seek indemnity or contribution from Smith Management to the extent it is found liable under the PMWA. Because Newalta's requested relief for contribution and indemnification was nonspecific to FLSA claims, the court denies, at this present posture, Berryman's all-encompassing motion to strike based on preemption.

Finally, the court disagrees with Berryman to the extent he argues that it would be "inefficient" to allow the third-party complaint to proceed in this suit. Doc. No. 24 at 12. This case largely rests on who constitutes an "employer" under the FLSA and PMWA. The court must apply the "economic reality" test to determine whether Newalta carried out functions of an "employer" under these Acts. *See Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012).

Newalta claims in the third-party complaint that Smith Management was Berryman's sole employer and that Smith Management breached their contract in failing to pay Berryman all he was owed; in the alternative, Newalta claims that Smith Management should be secondarily liable. *See generally* Doc. No. 18. Both Berryman's claims and Newalta's claims involve complex factual disputes about the relationship between Berryman, Newalta, and Smith Management. Moreover, all these claims involve factual disputes as to who, if anyone, was responsible for paying Berryman overtime wages. It is far more efficient for all these claims to be heard in the same suit. The third-party complaint does not add any additional complexity or unrelated controversy that would not be at issue based on the underlying complaint. *See FHF Partners v. KMA Fin. Group, LLC*, No. 05-5309, 2007 WL 710287, at *2 (E.D. Pa. Mar. 5, 2007). Similarly, this court is mindful of the

intent of Rule 14 to prevent the necessity of trying several related claims in different lawsuits. *Monarch Life Ins. Co. v. Donahue*, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989).

## V.     Conclusion

To the extent Newalta seeks indemnification or contribution for relief under the FLSA, those claims are preempted and will be dismissed with prejudice.  The third-party complaint is otherwise proper.  The court has supplemental jurisdiction over the claims in the third-party complaint pursuant to 28 U.S.C. §1367(a).  Additionally, the third-party complaint comports with Federal Rule of Civil Procedure 14(a).  Finally, the third-party claims should be heard in this suit to further judicial efficiency and to prevent the necessity of trying related claims in different lawsuits.

An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: October 31, 2018

cc/ecf: All counsel of record.